**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KENTON W. STEPHENS,

    Plaintiff - Appellant,

v.

ALLIANT TECHSYSTEMS
CORPORATION; FIDELITY
INVESTMENTS INSTITUTIONAL
OPERATIONAL COMPANY,

    Defendants - Appellees.

No. 17-4002
(D.C. No. 1:15-CV-00108-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.
_____

Kenton Stephens sued Alliant Techsystems Corporation and Fidelity

Investments Institutional Operational Company over a dispute related to the

distribution of his retirement benefits.  Stephens appeals the district court's order

overruling his objections to various rulings by the magistrate judge, granting

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

summary judgment in favor of the defendants, and denying his motion to amend his complaint. We affirm.

## I. Background

Stephens is a member of a defined benefit retirement plan that Alliant maintains and which Fidelity services. Fidelity began sending Stephens monthly benefit checks in 2009. But rather than cash the checks, Stephens returned the unopened envelopes to Fidelity. Apparently Stephens believed a Qualified Domestic Relations Order (QDRO) entered in his Utah divorce case rendered him liable for any amounts intended for his ex-wife (who was awarded a portion of the benefits) but accidently mailed to him. This went on until late 2014, when Fidelity sent Stephens a check for $152,890.38, representing a lump-sum payment for all benefits due up to that point. Fidelity filed a corresponding 1099-R form with the IRS reflecting its lump-sum distribution. As with the prior distributions, Stephens returned the unopened envelope containing the check to Fidelity.

Believing Fidelity was wrong to file the 1099-R form, Stephens sued the defendants in the District of Utah. He sought, among other things, an ex parte hearing[1] and an order that the 1099-R form was "null and void" because no money

---

[1] The same day Stephens filed his complaint requesting an ex parte hearing, he filed a separate motion requesting the same relief. The magistrate judge denied the motion and the district court overruled Stephens' objection to the ruling. Stephens makes a passing reference to the issue in the "statement of the case" section of his opening brief, but he does not revisit it in the "argument" section or make any real argument that the district court erred. This is not enough to preserve an issue for appellate review. *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 546 n.8 (10th Cir. 2016).

was actually distributed. R. Vol. I at 17. After the defendants answered his complaint, Stephens moved to file a reply to their answer and requested a change of venue to the District of Minnesota. The magistrate judge denied both requests, and later recommended granting summary judgment in favor of the defendants and denying Stephens' motion to amend his complaint. The district court overruled Stephens' objections to the magistrate judge's rulings and adopted her recommendations.

## II. Preliminary Matters

Before reaching the merits of Stephens' appeal, we resolve his pending motions. Stephens has filed (1) a motion for certain judges to recuse, (2) a motion for an order requiring defense counsel to name any unidentified clients, (3) a petition (and amended petition) for initial hearing en banc, and (4) a motion to sanction the defendants because their attorneys did not file an updated entry of appearance reflecting a change of address. These motions are denied.

First, we deny Stephens' motion for recusal. "To avoid the appearance of injustice," Stephens asks "Judge Scott Math[e]son and any other members of the Court who have important connections to Utah culture" including "members of the [Mormon] Church" to recuse. Mot. to Bar Utah Related Judges at 1 (Aug. 8, 2017). Although a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), he also has "a duty to sit when there is no legitimate reason to recuse," *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (internal quotation marks

3

omitted). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. (internal quotation marks omitted). Membership in a group—including a church—is generally not enough to meet this standard. *See id*. at 660. In this case, no reasonable person knowing the relevant facts would doubt the impartiality of any judge on this panel.

Second, we deny Stephens' request for an order requiring defense counsel "identify any undeclared and/or unidentified client[s]." Mot. to Identify Clients at 1 (Aug. 8, 2017). Stephens cites no authority for such an order and we are aware of none.

Third, Stephens filed his petition for initial hearing en banc well after the deadline.[2] He asks us to disregard the late filing because he is proceeding without an attorney, but pro se parties must follow the same rules of procedure as other litigants, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We therefore deny Stephens' petition, but he remains free to seek a rehearing en banc if he chooses.

Fourth, any failure to notify Stephens of defense counsel's new address does not warrant sanctions, so we deny this request as well.

---

[2] "A petition that an appeal be heard initially en banc must be filed by the date when the appellee's brief is due." Fed. R. App. P. 35(c). The defendants' brief was due on June 26, 2017, but Stephens did not file his petition until August 31, 2017.

4

## III. Analysis

## A. Motion to Reply to Defendants' Answer

Shortly after the defendants filed their answer, Stephens moved to file a reply. The magistrate judge denied the motion and the district court overruled Stephens' objection to her ruling. The district court did not abuse its discretion.

When a magistrate judge rules on a nondispositive matter, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard requires the district court to affirm unless the evidence as a whole leaves it "with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (internal quotation marks omitted). We, in turn, review the district court's ruling for abuse of discretion. *Id*. at 659.

Stephens argues he should have been allowed to file a reply because the defendants' answer contained counterclaims. The Federal Rules of Civil Procedure allow "an answer to a counterclaim designated as a counterclaim." Fed. R. Civ. P. 7(a)(3). But our review of the defendants' answer reveals no designated counterclaims. Instead, the answer consists of a paragraph-by-paragraph discussion of the allegations in Stephens' complaint, including whether the defendants admit or deny each allegation, and a list of defenses. Because the answer asserts no counterclaims, the district court did not abuse its discretion by refusing to allow Stephens to file a reply.

## B. Motion for Change of Venue

Stephens moved to transfer this case to the District of Minnesota on grounds this would be more convenient for witnesses and serve the interest of justice. The magistrate judge denied Stephens' motion and the district court overruled Stephens' objection. It did not abuse its discretion.

A court may transfer an action to another district where it could have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). But courts have considerable discretion in determining whether or not to grant a transfer. *See Palace Expl. Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1121 (10th Cir. 2003) ("This court will not overturn [a transfer] decision unless it was a clear abuse of discretion.").

The magistrate judge denied Stephens' transfer request because Stephens lives in Utah, he filed this case in the District of Utah, the case involves actions that occurred in Utah, and the court may be required to apply the QDRO, which was issued under Utah law. These were appropriate considerations. *See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167-68, 1170 (10th Cir. 2010) (describing the general preference for the plaintiff's choice of forum and for local courts deciding questions of local law). Stephens argues a transfer would be more convenient for witnesses, but he neither identifies the witnesses he refers to nor explains the importance of their testimony. *See id*. at 1169. Stephens also claims he cannot get a fair proceeding in Utah, but this argument is based on an alleged conspiracy—for which Stephens gives no persuasive evidence—involving the district

6

court, the IRS, a United States senator, unidentified "members of Utah's domina[nt] culture," and the White House. R. Vol. I at 120. Under the circumstances, the district court did not abuse its discretion by overruling Stephens' objection to the magistrate judge's ruling.

### C. Summary Judgment

Stephens argues the district court erred by granting summary judgment in favor of the defendants. We review this ruling de novo. *See Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014). A party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The district court found that Stephens raised three claims in his complaint: (1) a claim for declaratory judgment that the 1099-R form the defendants filed with the IRS was void, (2) a fraud claim, and (3) a claim the defendants violated the Employee Retirement Income Security Act (ERISA). The court concluded it lacked jurisdiction over Stephens' declaratory judgment claim, that he failed to allege or submit evidence showing the elements of fraud were met, and that Stephens provided no legal or factual support for his suggestion that the defendants violated ERISA.

We agree with the district court that it lacked jurisdiction to void the 1099-R form. The Declaratory Judgment Act allows courts to "declare the rights and other legal relations" of parties within its jurisdiction, but not "with respect to [f]ederal

7

taxes."[3]  28 U.S.C. § 2201(a).  Stephens argues that even if the district court could not void the 1099-R form, it should have entered an order stating he did not receive any income from the defendants in 2014.  But the only purpose of such an order would be to determine Stephens' tax liability, which the district court lacked authority to do.  *See Sterling Consulting Corp. v. United States*, 245 F.3d 1161, 1166 (10th Cir. 2001) ("[T]here are no relevant exceptions under the Declaratory Judgment Act that permit the district court to determine [a party's] tax liabilities.").

Stephens does not specifically address the district court's rulings on his fraud and ERISA claims.  Instead, he makes a more general argument that summary judgment was inappropriate because there were several disputed facts.  But Stephens does not identify the facts he refers to.  And the question is not whether there are *any* disputed facts, but whether there is a genuine dispute of *material* fact, meaning a fact essential to the disposition of the claim, *J.V. v. Albuquerque Pub. Schs.*, 813 F.3d 1289, 1295 (10th Cir. 2016).  Because Stephens has identified no material facts in dispute, we affirm the district court's order granting summary judgment in favor of the defendants.

### D. Motion to File Amended Complaint

After the defendants moved for summary judgment, Stephens sought to amend his complaint to add a claim that parts of the QDRO violated ERISA.  On the magistrate judge's recommendation, the district court denied Stephens' request because it found his proposed amendment would be futile.  We see no error.

---

[3] There are exceptions to this prohibition, but they do not apply here.

Courts should freely give leave to amend when justice requires it. Fed. R. Civ. P. 15(a)(2). But courts may deny leave to amend a complaint when the proposed amendment would be futile, meaning the amended complaint would be subject to dismissal. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). We review the decision to deny leave to amend for abuse of discretion, but when the reason for the denial "is futility, we review de novo the legal basis for the finding of futility." *Jones v. Norton*, 809 F.3d 564, 579 (10th Cir. 2015), *cert. denied*, 137 S. Ct. 197 (2016).

Stephens' proposed amendment raised an additional claim that parts of the QDRO violated ERISA. To remedy this violation, Stephens asked the district court to adopt a prior QDRO (with certain modifications) and enter various orders to implement it. The district court found it could not give Stephens the relief he sought because (1) the Utah state court that entered the QDRO explicitly reserved jurisdiction to modify it, *see* R. Vol. I at 357, and (2) QDROs are not subject to ERISA's preemption provision, *see* 29 U.S.C. § 1144(b)(7). Stephens does not meaningfully contest either point. Additionally, the QDRO was part of Stephens' divorce decree, *see* R. Vol. I at 353, and Stephens fails to explain why the "domestic relations exception" to federal jurisdiction did not prevent the district court from modifying and reissuing a part of his divorce decree, *see Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017) ("The domestic relations exception divests federal courts of the power to issue [or modify] divorce . . . decrees.").

9

In short, we have no basis to conclude the district court erred by denying Stephens' motion to amend his complaint.

## E. Constitutional Claims

For the first time on appeal, Stephens argues that each of the district court's rulings violated his constitutional right to equal protection. But "[w]e generally don't address arguments presented for the first time on appeal." *United States v. Nelson*, 868 F.3d 885, 891 (10th Cir. 2017) (internal quotation marks omitted). For this reason, and because Stephens' argument is no more than a series of conclusory statements without legal authority, we decline to address it. *See Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1092 (10th Cir. 2006) (declining to address an issue when the appellant made "no real argument (other than conclusory statements that the district court erred) and cite[d] no legal authority in support of its position").

## IV. Conclusion

We affirm the district court's order. We also deny Stephens' motion for recusal, his motion for an order requiring defense counsel to name unidentified clients, his petition (and amended petition) for initial hearing en banc, and his motion for sanctions.

Entered for the Court

Monroe G. McKay
Circuit Judge

10